STATE v. C. R. HASSELL, et al.

*Indictment for Conspiracy—Practice—Appeal—Assign-
ment of Error.*

The overruling of an objection to a transcript of the record, sent
from the county from which a case has been removed, can-
not be assigned as error if the objector refused to specify in
what respects the transcript was defective ; certainly, where
there is no contention that the record is not sufficient to
show that the court below had jurisdiction.

INDICTMENT for conspiracy tried before *Graham, J.*, and
a jury at December Special Term, 1895, of JONES Superior
Court on removal from the Superior Court of Carteret
county. The same objections to the jurisdiction were
made as were interposed in the case of *State* v. *Turner*, at
this Term.

The defendants objected to the trial on account of defects
in the transcript of the case from Carteret county. The
court then requested the defendants to point out the defects
complained of. Defendants replied that their counsel had
not time to inspect the record carefully and could not do
so. The objection was overruled, and defendants excep-
ted.

There was a verdict of guilty and defendants appealed.

*Attorney General* for the State.
*Messrs. Clark & Guion,* for defendants (appellants).

AVERY, J.: The assignments of error are substantially
the same as those discussed in *State* v. *Turner,* and *State*
v. *Noe,* at this Term. It may not be improper to add, how-
ever, that one exception, which was made in all of the cases,

seemed to be so clearly untenable that we have forborne in other appeals to discuss it, but in deference to the opinion of counsel it may be well to pass upon it here.

Objection was made to the transcript of the record from the county of Beaufort, sent under the order of removal. But counsel declined, when requested to do so, to point out or specify in what respects the transcript was defective and insufficient. The court may require counsel to state the grounds of objection to testimony of any kind, and if counsel refuse to comply with this reasonable requirement, they do so at the peril of forfeiting the right to insist upon an exception to the ruling of the court, admitting or rejecting it. *State* v. *Wilkerson*, 103 N. C., 337. It was the duty of defendants' counsel to point out the defects in the record, and failing to do so they are deprived of the right to insist that it is insufficient. It is not contended that the record is not sufficient to show that the court below had jurisdiction. If that proposition could be maintained, the duty might devolve upon this Court of passing upon it even *ex mero motu.*

Judgment Affirmed.